## WILLIAMS *v.* STATE OF INDIANA.

[No. 13,596.   Filed March 29, 1929.]

*Zeph E. Keller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Frank L. Greenwald*, Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellant was indicted, tried and convicted of violating §2956 Burns 1926 (Acts 1921 p. 134, §1) which section, so far as the same is material to this case, is as follows: "Any person, firm or corporation who, as contractor . . . shall have performed labor, supplied services or furnished material . . . in the construction . . . of any building, . . . and who shall accept payment in full for the labor, services, material or machinery so furnished and supplied, and who, at the time of receiving such payment, is indebted to another or others for labor, services, material or machinery used or employed in the construction, . . . of such building or structure, and who, at the time of receiving such payment, shall fail or refuse to notify, in writing, the person . . . from whom such payment was received of the existence of such outstanding indebtedness, and if the person . . . from whom such payment was received shall suffer loss thereby, such person . . . so accepting such payment shall be guilty of a misdemeanor," etc.

The controlling facts of this case may be said to be without dispute, and are as follows: May 7, 1923, the appellant entered into a contract in writing with one Filtz, whereby he agreed to furnish the labor and materials and to erect, upon a certain designated lot, a dwelling house for said Filtz, for the sum of $5,000. By the terms of the contract, Filtz was to pay to appellant, after work was begun on said house, the sum of $200 per week, until $600 had been paid, after which a loan company

was to advance to appellant $150 to $200 per week until the sum of $2,000 had been advanced, and, when the house was completed, the balance of the contract price, plus $250, which had been agreed upon as "extra," was to be paid. During the progress of the work, appellant told Filtz that he was owing Aldag and Company and the Irvington Coal and Lime Company for materials furnished, and asked for $900 to pay these bills. A check for the requested amount was given to him, and by him used in the payment of debts incurred in erecting said building. The total amount paid to appellant, including this last check was $3,750. At the time this last check was given, according to the testimony of Filtz, the prosecuting witness, appellant told him that. he would not take any more money on the job until after all bills had been paid, and that if the balance coming on the job were not sufficient to pay all bills, he, appellant, would pay the difference, and that this $900 was the last money paid to appellant, and that there never had been any final settlement.

The question now arises: Do these facts bring the appellant within the provisions of said statute, so that he is subject to punishment as for committing an offense against our law? The material clause of said statute herein involved is: "And who shall accept payment *in full,* for the labor, services, material or machinery so furnished and supplied," etc. (Our italics.) In this case there was no final settlement; there was no payment *in full;* the payment of $900 was simply a payment on account, made during the progress of the work. It follows that the verdict herein is not supported by sufficient evidence, and is contrary to law.

Reversed.